J-S50006-16 & J-S50007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LINDSAY P. SHULER | |
| Appellant | No. 1213 MDA 2015 |

Appeal from the PCRA Order July 1, 2015
in the Court of Common Pleas of Dauphin County Criminal Division
at No(s): CP-22-CR-0000323-2003

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LINDSAY P. SHULER | |
| Appellant | No. 1955 MDA 2015 |

Appeal from the Order Entered October 22, 2015
in the Court of Common Pleas of Dauphin County Criminal Division
at No(s): CP-22-CR-0000323-2003

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 12, 2016**

*Pro se* Appellant, Lindsay P. Shuler, appeals from the order dismissing his third Post Conviction Relief Act ("PCRA") petition. Appellant also appeals from the order denying his fourth PCRA petition, which was filed after he appealed from his third PCRA petition. We affirm the July 1, 2015 order at docket 1213 MDA 2015 and vacate the October 22, 2015 order at docket

---

[*] Former Justice specially assigned to the Superior Court.

1955 MDA 2015, as the PCRA court lacked jurisdiction to entertain Appellant's fourth PCRA petition while his third PCRA petition was on appeal.

We adopt the facts and procedural history set forth in this Court's decision resolving Appellant's first PCRA petition:

> On January 21, 2003, [Appellant] was charged with rape of a person less than thirteen years old, two counts of involuntary deviate sexual intercourse, aggravated indecent assault of an individual less than thirteen years old, indecent assault of a person less than thirteen years old, corruption of minors, unlawful contact with a minor, indecent exposure, and open lewdness. On February 14, 2003, [Appellant] pled guilty to all charges. [Appellant's] guilty plea was later withdrawn and a new plea of nolo contendere was entered. [Appellant] was sentenced on July 3, 2003 to a combined total of 6 to 12 years of incarceration, followed by 10 years of probation. [Appellant appealed to this Court, which affirmed, and filed a petition for allowance of appeal to our Supreme Court, which denied it on August 9, 2004. Appellant's first] Petition for Post Conviction relief was filed February 7, 2005. After several years and numerous changes of counsel, [a] Supplemental Petition . . . was filed [on] October 21, 2009. [An] Amendment to [the] Supplemental Petition . . . was filed November 30, 2009.

***Commonwealth v. Shuler***, 1121 MDA 2011, at 2 (Pa. Super. Mar. 6, 2012) (quoting PCRA court's opinion). This Court affirmed the dismissal of Appellant's first PCRA petition on March 6, 2012, and Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 14, 2012, the court docketed Appellant's second PCRA petition, which was dismissed. Appellant appealed, but his appeal was dismissed for failure to file a brief.

On April 2, 2015, the PCRA court docketed Appellant's *pro se* motion to correct an illegal split sentence, which the court construed as Appellant's third PCRA petition. On April 14, 2015, the court issued a Pa.R.Crim.P. 907 notice, and the court docketed Appellant's response on May 4, 2015. On June 1, 2015, the court docketed its order dismissing Appellant's third PCRA petition. On July 13, 2015, the court docketed Appellant's notice of appeal and simultaneously filed a Pa.R.A.P. 1925(b) statement.[1] The court did not file a responsive Rule 1925(a) opinion.

Meanwhile, on June 24, 2015, the court docketed Appellant's *pro se* motion to vacate a mandatory sentence *nunc pro tunc*.[2] On October 22, 2015, the court purported to deny by operation of law Appellant's motion pursuant to Pa.R.Crim.P. 720. Appellant timely appealed from this order and the court did not order Appellant to comply with Rule 1925(b).

---

[1] The docket indicates the dismissal order was allegedly served on June 2, 2015. This Court issued a Rule to Show Cause as to why Appellant's appeal should not be quashed because of an apparently untimely July 13, 2015 notice of appeal. Appellant responded by enclosing documentation purportedly establishing that the June 1, 2015 order was not served on him until July 1, 2015. This Court then discharged the rule. Out of an abundance of caution, we presume a breakdown in court operations occurred and conclude Appellant timely appealed.

[2] We construe Appellant's motion as a fourth PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (noting, "any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition."). Appellant's motion sought to vacate his mandatory sentence as illegal, and thus requested relief within the scope of the PCRA. **See id.** The motion also did not seek amendment of his third PCRA petition.

Subsequently, on November 5, 2015, the PCRA court vacated its October 22, 2015 order and denied without prejudice Appellant's June 24, 2015 motion. The PCRA court issued a Pa.R.A.P. 1925(a) decision recommending that this Court vacate the PCRA court's October 22nd order as it lacked jurisdiction due to the outstanding appeal.[3]

With respect to his third PCRA petition, Appellant raises the following issues:

> Whether the court erred by not complying to the general provisions set forth in 42 Pa.C.S. § 9721(a.1)?
>
> Whether the court abused [its] discretion and authority when it imposed a sentence of probation where a mandatory minimum sentence has been provided by law?
>
> Whether the court committed an error of law by refusing to correct the illegal split-sentence?
>
> Whether the court erred when it refused to use [its] inherent power to amend/correct the mistake in sentencing after the lapse of thirty (30) days?

Appellant's Brief, 1213 MDA 2013, at 3.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. *See* *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining

---

[3] The decision also noted that on October 2, 2015, the PCRA court docketed another motion to vacate a mandatory sentence *nunc pro tunc* from Appellant.

whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). To preserve a claim for an illegal sentence, the PCRA must be timely filed. ***See Fahy***, 737 A.2d at 223 (holding, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

Instantly, Appellant's judgment of sentence became final on Monday, November 8, 2004, ninety-one days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See*** 1 Pa.C.S. § 1908 (stating last day of time-period cannot fall on weekend or legal holiday). The PCRA court docketed the instant third PCRA petition on April 2, 2015, over ten years later. Thus, this Court must discern whether the PCRA court erred by holding Appellant did not plead and prove one of the three timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Copenhefer***, 941 A.2d at 648. After careful review of Appellant's petition, we are satisfied he failed to plead and prove any of the three timeliness exceptions. As our Supreme

Court observed, even an illegal sentence claim must be raised in a timely PCRA petition. *See Fahy*, 737 A.2d at 223. Accordingly, we discern no legal error and affirm the order dismissing Appellant's third PCRA petition. *See Wilson*, 824 A.2d at 333.

Having resolved Appellant's third PCRA petition, we turn to the issues raised by Appellant in his fourth PCRA petition:

> Did the court violate Appellant's right to assigned appellate counsel, for its failure to address the Appellant's verified application for assignment of counsel pursuant [to] Pa.R.Crim.P. Rule 122 and 123?
>
> Did the court violate Appellant's due process rights, for its failure to address the Appellant's motion to vacate mandatory sentence, nunc pro tunc, which was denied by operation of law pursuant [to] Pa.R.Crim.P. Rule 720?
>
> Did the court commit an error of law by not applying Appellant's case retroactively, when his case was still under appeal at the time "*Alleyne [v.] U.S.*, 133 S. Ct. 2151 (2013) was decided, Appellant's case became final on 8-19-2013?
>
> Did the court impose an illegal mandatory minimum sentence pursuant 42 § [sic] 9718, which is facialy [sic] void pursuant [to] "*Alleyne [v.] U.S.*, 133 S. Ct. 2151 (2013) and *Com. [v.] Newman*, 99 A.3d 86, [sic] (Pa. Super. 2014)?

Appellant's Brief, 1955 MDA 2015, at 3 (some capitalization omitted).

As a prefatory matter, we ascertain whether the PCRA court had jurisdiction to rule on Appellant's fourth PCRA petition while an appeal was pending from his third PCRA petition. In *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), our Supreme Court held "that when an appellant's

PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Id.* Instantly, Appellant filed his fourth PCRA petition during the pendency of his appeal from his third PCRA petition. Thus, we agree with the PCRA court: because the PCRA court lacked jurisdiction to entertain Appellant's fourth PCRA petition, we discern an error of law and vacate the court's October 22 and November 5, 2015 orders addressing Appellant's fourth PCRA petition.[4] *See id.*; *Wilson*, 824 A.2d at 333. We also strike Appellant's fourth PCRA petition without prejudice to refile pursuant to *Lark*.[5] *See Lark*, 746 A.2d at 588.

Order appealed from at 1213 MDA 2015 affirmed. Order appealed from at 1955 MDA 2015 vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016

---

[4] Regardless, we held in *Commonwealth v. Riggle*, 119 A.3d 1059, 1067 (Pa. Super. 2015), that *Alleyne* does not apply retroactively for the purposes of post-conviction collateral relief.

[5] We also strike, without prejudice to refile, Appellant's October 2, 2015 motion to vacate a mandatory sentence *nunc pro tunc*, as Appellant's appeal was still pending before this Court. *See Lark*, 746 A.2d at 588.